IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| WELLS FARGO BANK, NATIONAL ASSOCIATION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No.: 4:13-CV-477-VEH ) ) |
| DONALD L. WITT, | ) ) |
| Defendant. | ) ) |

# MEMORANDUM OPINION AND ORDER

## Procedural Background

Plaintiff Wells Fargo Bank, National Association ("Wells Fargo") filed this contract dispute against Defendant Donald L. Witt ("Mr. Witt") on March 11, 2013. (Doc. 1).[1] The lawsuit is in federal court on the basis of diversity jurisdiction (*id.* ¶ 3) and was reassigned to the undersigned on March 19, 2013. (Doc. 9).

In its complaint, Wells Fargo alleges a solitary claim for breach of guaranty against Mr. Witt, as the guarantor of a loan agreement executed on September 27, 2001, between Wells Fargo, and its borrower, Alabama Cylinder Head, LLC ("ACH"). (Doc. 1 ¶¶ 2, 5, 7, 14-17). The pleading demands judgment against Mr.

---

[1] The page references to Doc. 1 correspond with the court's CM/ECF numbering system.

Witt:

> [I]n an amount not less than $1,081,057.05, together with and including, without limitation, interest accruing at the default rate pursuant to the terms of the Note, and all attorneys' fees and court costs incurred by Wells Fargo in enforcing its rights under [the] Note and Guaranty Agreement, and all other legal and equitable relief the court deems proper and just.

(Doc. 1 at 4). Neither side has requested a jury trial.

Pending before the court is Wells Fargo's Motion for Summary Judgment (Doc. 18) (the "Motion") and supporting brief (Doc. 19), both of which were filed on December 5, 2013. The Motion seeks an entry of judgment "against Mr. Witt in an amount not less than $1,142,719.85, plus additional interest and all such other, further, and different relief as this Court deems just and proper." (Doc. 18 at 1-2).

Mr. Witt opposed the Motion (Doc. 22) on January 10, 2014. Wells Fargo followed with its reply (Doc. 23) and also filed a Motion To Strike Affidavit of [Donald] Witt (Doc. 24) (the "Strike Motion")[2] on January 23, 2014. On February 7, 2014, Mr. Witt opposed the Strike Motion (Doc. 25) and Wells Fargo replied. (Doc. 26). For the reasons set forth below, the Motion is **GRANTED** as to liability and the Strike Motion is **TERMED** as **MOOT**.

---

[2] Wells Fargo's Strike Motion actually seeks to strike "certain portions of the Affidavit of Donald L. Witt" (Doc. 24 at 1; *see also* Doc. 22-4 (attaching affidavit of Mr. Witt)), not the affidavit of Mr. Witt's son named "Marty Witt," as incorrectly suggested in the Strike Motion's title.

## Standards

### Summary Judgment

Summary judgment is proper only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R . Civ. P. 56(c). All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the nonmovant. *See Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party*." Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). "Once the moving party has properly supported its motion for summary judgment, the burden shifts to the nonmoving party to 'come forward with specific facts showing that there is a genuine issue for trial.'" *International Stamp Art, Inc. v. U.S. Postal Service*, 456 F.3d 1270, 1274 (11th Cir. 2006) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)).

Finally "[i]f the movant bears the burden of proof on an issue, because, as a defendant, it is asserting an affirmative defense, it must establish that there is no genuine issue of material fact as to any element of that defense." *International Stamp*, 456 F.3d at 1274 (citing *Martin v. Alamo Community College Dist.*, 353 F.3d 409, 412 (5th Cir. 2003)).

**Evidentiary Rulings**

"All evidentiary decisions are reviewed under an abuse-of-discretion standard." *See, e.g., General Elec. Co. v. Joiner*, 522 U.S. 136, 141 (1997). "An abuse of discretion can occur where the district court applies the wrong law, follows the wrong procedure, bases its decision on clearly erroneous facts, or commits a clear error in judgment." *United States v. Estelan*, 156 F. App'x 185, 196 (11th Cir. 2005) (citing *United States v. Brown*, 415 F.3d 1257, 1266 (11th Cir. 2005)).

Moreover, as the Eleventh Circuit has made clear, not every incorrect evidentiary ruling constitutes reversible error:

> Auto-Owners' second argument is that it is entitled to a new trial on the basis of what it describes as a number of erroneous evidentiary rulings by the district court. Evidentiary rulings are also reviewed under an abuse of discretion standard. *Finch v. City of Vernon*, 877 F.2d 1497, 1504 (11th Cir. 1989). Moreover, even if Auto-Owners can show that certain errors were committed, the errors must have affected "substantial rights" in order to provide the basis for a new trial. *See* Fed. R. Evid. 103(a). "Error in the admission or exclusion of evidence is harmless if it does not affect the substantial rights of the parties." *Perry*, 734 F.2d at 1446. *See also Allstate Insurance Co. v. James*, 845 F.2d 315, 319 (11th Cir. 1988).

*Haygood v. Auto-Owners Ins. Co.*, 995 F.2d 1512, 1515 (11th Cir. 1993). Therefore, even the existence of many evidentiary errors does not guarantee an appealing party relief from an adverse final judgment. Instead, such erroneous rulings by a district court must "affect the substantial rights of the parties" in order for reversible error to

occur.

## **Factual Background**[3]

On or about September 21, 2007, Wachovia SBA Lending, Inc.[4] made a loan to ACL ("Borrower"), in the amount of $2,000,000.00 (the "Loan") as evidenced by that certain Promissory Note dated September 21, 2007, made by Borrower payable to Wells Fargo in the stated principal amount of $2,000,000.00 (as assumed, amended, and modified from time to time, the "Note"). AF No. 1.[5] The Loan is further

---

[3] Keeping in mind that, when deciding a motion for summary judgment, the court must view the evidence and all factual inferences in the light most favorable to the party opposing the motion, the court provides the following statement of facts. *See Optimum Techs., Inc. v. Henkel Consumer Adhesives, Inc.*, 496 F.3d 1231, 1241 (11th Cir. 2007) (observing that, in connection with summary judgment, a court must review all facts and inferences in a light most favorable to the non-moving party). This statement does not represent actual findings of fact. *See In re Celotex Corp.*, 487 F.3d 1320, 1328 (11th Cir. 2007). Instead, the court has provided this statement simply to place the court's legal analysis in the context of this particular case or controversy.

[4] According to the complaint (and undisputed by Mr. Witt), Wells Fargo is the "successor-by-merger to Wachovia Bank, National Association and Wachovia SBA Lending, Inc." (Doc. 1 at 1).

[5] The designation "AF" stands for admitted fact and indicates a fact offered by Wells Fargo that Mr. Witt has admitted in his written submissions on summary judgment, in his sworn testimony, or by virtue of any other evidence offered in support of his case. Under appendix II of the court's uniform initial order (Doc. 10) entered on March 20, 2013, "[a]ll statements of fact must be supported by specific reference to evidentiary submissions." (*Id.* at 16). For Mr. Witt, more specifically, this means that "[a]ny statements of fact that are disputed by the non-moving party must be followed by a specific reference to those portions of the evidentiary record upon which the dispute is based." (*Id.* at 17). Consequently, whenever Mr. Witt has inadequately asserted a dispute over a fact that Wells Fargo has otherwise substantiated with an evidentiary citation, the court has reviewed the cited evidence and, if it in fact fairly supports Wells Fargo's factual assertion, has accepted Wells Fargo's fact. On the other hand, whenever Mr. Witt has adequately disputed a fact offered by Wells Fargo, the court has reviewed the evidence cited by Mr. Witt and, if it in fact fairly supports Mr. Witt's factual assertion, has accepted Mr. Witt's version. The court's numbering of admitted facts (e.g., AF No. 1) corresponds to the numbering of Wells Fargo's statement of undisputed material

evidenced and secured by that certain Loan Agreement dated September 21, 2007, executed by Borrower in favor of Lender (as assumed, amended, and/or modified from time to time, the "Loan Agreement") in Alabama. AF No. 2.

In connection with and as an inducement to Wells Fargo's making of the Loan to Borrower, Mr. Witt executed that certain "Unconditional Guarantee" dated September 21, 2007, in favor of Wells Fargo (as assumed, amended, and modified from time to time, the "Guaranty Agreement"). AF No. 3. Pursuant to the Guaranty Agreement, Mr. Witt guaranteed the payment and performance of all of Borrower's obligations under the Loan. AF No. 4.1. More specifically, the Guaranty Agreement (formed in Alabama) provides:

> Guarantor unconditionally guarantees payment to Lender of all amounts owing under the Note. This Guarantee remains in effect until the Note is paid in full. Guarantor must pay all amounts due under the Note when Lender makes written demand upon Guarantor. Lender is not required to seek payment from any other source before demanding payment from Guarantor.

AF No. 4.2.

On or before August 9, 2012, events of default had occurred and were continuing to occur under the Loan Documents (the "Events of Default"), including

---

facts as set forth in Doc. 19 and responded to by Mr. Witt in Doc. 22. A number following a decimal point corresponds to the particular sentence within the numbered statement of facts. For example, (AF No. 4.2) would indicate the second sentence of paragraph 4 of Wells Fargo's statement of facts is the subject of the court's citation to the record.

but not limited to Borrower failing to make payments as required under the Loan Documents. AF No. 5. As a result of the Events of Default, Wells Fargo demanded repayment of the Note in full pursuant to a Notice of Default and Demand Letter dated August 9, 2012. AF No. 6.

As a result of Borrower's failure to cure its defaults and pay the outstanding indebtedness due under the Note, Wells Fargo sent another Notice of Default and Acceleration and Demand for Payment by letter dated October 12, 2012. AF No. 7. The recipients of this certified letter included Mr. Witt. (Doc. 1 at 18).

Neither Borrower nor Mr. Witt complied with or responded to the default letters and, as of November 15, 2013, the outstanding indebtedness due under the Note was $1,142,719.85, consisting of $989,123.57 in outstanding and unpaid principal, $143,168.49 in accrued and unpaid interest, and $10,352.79 in late fees. AF No. 8. Interest accrues on the unpaid principal of the Note at the per diem rate of $261.02 per day. AF No. 9.

## Discussion

Wells Fargo contends that it is entitled to summary judgment on the Guaranty Agreement executed by Mr. Witt. Alabama law provides that "[e]very suit on a guaranty agreement requires proof of the existence of the guaranty contract, default on the underlying contract by the debtor, and nonpayment of the amount due from the

guarantor under the terms of the guaranty."[6] *Sharer v. Bend Millworks Systems, Inc.*, 600 So. 2d 223, 225-26 (Ala. 1992) (internal quotation marks omitted) (quoting *Delro Indus., Inc. v. Evans*, 514 So. 2d 976, 979 (Ala. 1987)). Wells Fargo maintains that all three contractual elements are met in this case because the record affirmatively establishes that (i) Mr. Witt entered into the Guaranty Agreement for the indebtedness of ACH; (ii) ACH defaulted on the underlying Note; and (iii) Mr. Witt received notice of ACH's default and has refused to pay in accordance with the terms of the Guaranty Agreement.

Under Alabama law, "the rules governing the interpretation and construction of contracts are applicable in resolving a question as to the interpretation or construction of a guaranty contract." *Colonial Bank of Ala. v. Coker*, 482 So. 2d 286, 291 (Ala. 1985) (citing 38 *Am. Jur. 2d Guaranty* § 70 (1968)). "[W]hen the terms of a contract are unambiguous, the contract's construction and legal effect become a question of law for the court, and when appropriate may be decided by summary

---

[6] The parties are correct that Alabama law substantively applies in this instance because: (1) "[A] federal court in a diversity case is required to apply the laws, including principles of conflict of laws, of the state in which the federal court sits." *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1139 (11th Cir. 2005) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941)), and (2) in the absence of any contractual provision specifying which law governs such as is the situation here, "Alabama follows the principle . . . that a contract is governed by the laws of the state where it [*e.g.*, the Guaranty Agreement] is made [*e.g.*, Alabama] . . . ." *Cherry, Bekaert & Holland v. Brown*, 582 So. 2d 502, 506 (Ala. 1991).

judgment." *Colonial Bank*, 482 So. 2d at 291 (citing *Jehle-Slauson Construction Co. v. Hood-Rich, Architects and Consulting Engineers,* 435 So. 2d 716, 720 (Ala. 1983)).

Here, Mr. Witt does not maintain that the Guaranty Agreement is ambiguously worded. Mr. Witt also do not dispute that he entered into the Guaranty Agreement or that ACH defaulted on its loan agreement with Wells Fargo. Lastly, Mr. Witt does not contest that he has failed to make payments to Wells Fargo as required by the terms of the Guaranty Agreement, despite receiving notice of ACH's default. Thus, Mr. Witt has failed to offer any evidence that tends to show the existence of a material fact question on the issue of whether he is liable to Wells Fargo under the terms of the Guaranty Agreement.

Instead, the only objections offered by Mr. Witt in response to summary judgment are that "proper notice concerning disposition of collateral was not provided and that the terms of the short sale were not commercially reasonable." (Doc. 22 at 1, 7-10). Wells Fargo counters that Mr. Witt's "arguments might have merit and relevance if they were not based on the same false premise: that Wells Fargo disposed of the collateral." (Doc. 23 at 2).

Because the sale was a voluntary one made by ACH, Wells Fargo is correct that Mr. Witt's legal challenges premised upon certain protections afforded under Article

9 of the Alabama Commercial Code are simply inapplicable. More specifically, Article 9's notice requirement is triggered only <u>when a secured party disposes of collateral</u> and provides:

> (b) *Notification of disposition required.* Except as otherwise provided in subsection (d), <u>a secured party that disposes of collateral</u> under Section 7-9A-610 shall send to the persons specified in subsection (c) a reasonable authenticated notification of disposition.

Ala. Code § 7-9A-611(b) (emphasis by underlining added).

Similarly, the voluntariness of the sale by ACH means that the transaction occurred outside of the foreclosure process and neither Ala. Code § 7-9A-610(b) (regarding commercial reasonableness of disposition by secured party) nor the foreclosure cases cited by Mr. Witt are appropriate authorities for this court to follow under the short sale circumstances presented by this case. In sum, Mr. Witt's Article 9 challenges to the enforcement of the Guaranty Agreement against him miss the mark and he is without any other formulated arguments in opposition to the Motion. *See Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995) ("[T]he onus is upon the parties to formulate arguments . . . ." (citing *Road Sprinkler Fitters Local Union No. 669 v. Indep. Sprinkler Corp.*, 10 F.3d 1563, 1568 (11th Cir.1994))).

For these reasons, Wells Fargo's Motion is **GRANTED** as to liability only.

Accordingly, Wells Fargo is entitled to recover from Mr. Witt the outstanding principal, interest, and other fees, as set forth under the terms of the Guaranty Agreement, which calculations, previously provided to the court as of November 15, 2013, are to be supplemented by Wells Fargo and filed in the form of a proposed order of final judgment, no later than April 15, 2014, with a copy submitted via chambers email at hopkins_chambers@alnd.uscourts.gov.

Any objections to such calculations are due 14 days after the proposed order of final judgment is filed. At the end of such 14 day period, the proposed order will be under submission.

## Conclusion

For the reasons stated herein, Wells Fargo's Motion is **GRANTED** as to liability only. The court defers issuing a separate order of final judgment in favor of Wells Fargo and against Mr. Witt pending the proposed order submission and objection process outlined above. Finally, because the court concludes that Wells Fargo is entitled to summary judgment with or without consideration of the challenged portions of Mr. Witt's affidavit, the Strike Motion is **TERMED** as **MOOT**.

**DONE** and **ORDERED** this the 8th day of April, 2014.

_____
**VIRGINIA EMERSON HOPKINS**
United States District Judge